UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11890-RCL

ANTONIO CAMP,
   Plaintiff,

v.

BOSTON POLICE DEPARTMENT
   Defendant.

**DEFENDANT BOSTON POLICE DEPARTMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**

I.  **STATEMENT OF FACTS**

Acting pro se, Plaintiff Antonio Camp filed a civil rights complaint against the Boston Police Department. (Ex. 1, Pl.'s Complaint). Plaintiff submits the following allegations in support of his charge that the Boston Police Department violated his civil rights: (1) a "police officer began a conspiracy to wrongfully imprison [him] because [the officer] wanted to continue an affair with [Plaintiff's] spouse in 2002. (Ex.1, p. 5); (2) the Boston Police Department subjected Plaintiff's wife to rape, assault and kidnapping (Ex. 1, p.1); (3) the Boston Police Department sent "drug addicts, neighborhood children, ex-cons, immigrants, homeless persons, alcoholics, uncivil

persons" and neighborhood children to harass Plaintiff (Ex. 1, p.5); (4) the Boston Police Department subjected Plaintiff to listen to recordings of his wife being raped (Ex.1, p. 4); (5) "a Sgt. Connolly, Michael" "did in fact use and exercise improper influence in official police matters concerning [Plaintiff's] wife and Plaintiff," and has circulated a photograph of Plaintiff at the Police Headquarters (Ex. 1, p.3,6); (6) Plaintiff's emails written on Boston Public Library computers are not being sent and are being deleted (Ex. 1, p.5); (7) Plaintiff's cell and house telephones have been wire-tapped (Ex.1, p. 5); and (8) Boston police officers "have gotten contractors to rig up the mocked recordings and recordings of [Plaintiff's] wife being raped! It was done by attaching a device to the building generator and allowing the sound to travel through the air vents in the building."

Even accepting all of Plaintiff's contentions as true for the purposes of Defendant's motion, his complaint fails to state a claim. The Boston Police Department moves to dismiss Plaintiff's complaint on three grounds. First, local government cannot be held liable pursuant to 42 U.S.C. § 1983 without a finding that the alleged injurious conduct was the result of an official policy or custom. Second, the Boston Police Department is not an independent

legal entity. Third, to the extent Plaintiff's Complaint alleges intentional torts against the Boston Police Department's employees, the City cannot be held liable under Chapter 258, the Massachusetts Tort Claims Act. Accordingly, the Boston Police Department moves to dismiss Plaintiff's complaint for failure to state a claim.

## II. ARGUMENT

### A. Standard of Review

A motion to dismiss is to be allowed when a Plaintiff can prove no set of facts in support of her claim that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998). In considering a motion to dismiss, the Court is obliged to accept Plaintiff's well-pleaded facts as they appear, granting every reasonable inference in Plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). This indulgence, however, does not require the Court to credit bald assertions, unsubstantiated conclusions or outright vituperation. Correa-Martinez v. Arrillaya-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). Here, there can be no doubt that Plaintiff has failed to meet this standard; accordingly, his Complaint should be dismissed.

B. <u>Plaintiff Has Failed to State a 42 U.S.C. Section Claim Against the Boston Police Department.</u>

Plaintiff's complaint fails to state a claim against the Boston Police Department under 42 U.S.C. § 1983. It appears that Plaintiff's Complaint attempts to allege the Boston Police Department has violated his constitutional rights pursuant to 42 U.S.C. § 1983. This claim fails, however, because the Supreme Court has held that 42 U.S.C. § 1983 municipal liability depends upon a finding that an alleged injury was inflicted as a result of an official policy or custom. <u>Monell v. Dept. of Soc. Servs.</u>, 436 U.S. 658, 694 (1978). Consequently, Plaintiff cannot impute the actions of City of Boston employees to the City through *respondeat superior* or *vicarious liability*. <u>Monell</u>, <u>supra</u>, 691-694 (1978). Therefore, to the extent that Plaintiff's complaint rests upon the allegation that the City of Boston Police Department, through its agents, employees, servants, and or representatives, violated Plaintiff's civil rights, it must fail.

Further, to show municipal liability under Section 1983, Plaintiff must show that the Boston Police Department deprived a right secured by the Constitution, and that the deprivation at issue resulted from a municipal custom or

policy. Monell, supra, 690-91. As the Supreme Court explained:

> . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Monell, supra, at 694. Thus, liability under Section 1983 requires demonstration of a municipal policy or custom, and Plaintiff's failure to meet this requirement compels dismissal. Id. See also, Santiago v. Fenton, 891 F.2d 373, 381 (1st Cir. 1989). Further, "[t]he existence of a policy that caused Plaintiff's injury is an essential part of Section 1983 liability, so that some fact indicating the existence of some such policy must be pled." Strauss v. City of Chicago, 760 F.2d 765, 768 (7th Cir. 1985). Plaintiff's pleadings do not make out a viable Monell claim, and his Complaint should be dismissed accordingly.

There can be no dispute that Plaintiff's Complaint asserts no municipal policy. Rather, in his Complaint, Plaintiff alleges, among other things, that members of the Boston Police Department, "have conspired to keep my wife in the situation of being kidnapped, raped and assaulted

physically" and "have gotten contractors to rig up the mocked recordings of my wife being raped . . . by attaching a device to the building generator and allowing the sound to travel through the air vents in the building." Plaintiff makes no allegations that his alleged damages were the result of a City of Boston Police Department custom, policy or practice. This failure constitutes grounds for dismissal. In sum, Plaintiff's Complaint is fatally silent as to the existence of a policy or custom and a causal connection between that policy or custom and any constitutional injury. Santiago v. Fenton, supra, at 381.

C. **Defendant Boston Police Department Is Not a Proper Party Defendant.**

Plaintiff's Complaint names only the Boston Police Department as a Defendant. However, the Boston Police Department is not a separate legal entity against which suit may be brought. Rather, the Boston Police Department is a department within the City of Boston. See Stratton v. City of Boston, 731 F.Supp. 42, 46 (D.Mass. 1989). Therefore, the Boston Police Department is not a proper party defendant to Plaintiff's lawsuit.

Moreover, as a matter of law, for purposes of a Section 1983 action, a police department is considered a non-person, and therefore not a proper party defendant.

Curran v. City of Boston, 777 F. Supp. 116, 118 (D. Mass. 1991)(adopting Magistrate's Document of April 2, 1991, Reported at 1991 U.S. Dist. LEXIS 19337); see also Henschel v. Worcester Police Department, 445 F.2d 624 (1st Cir. 1971). Thus, Plaintiff's Complaint against the Boston Police Department must be dismissed.

- D. **The Boston Police Department Cannot be Held Liable For the Intentional Torts of Its Employees, Pursuant to the Massachusetts Torts Claims Act.**

To the extent Plaintiff contends that Boston Police Department employees committed intentional torts against him, said claims must also be dismissed. The plain language of the Massachusetts Tort Claims Act provides that municipalities shall be exempt from liability for "any claim arising out of an intentional tort." M.G.L. ch. 258, §10(c). See Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 285, (1985); Mellinger v. West Springfield, 401 Mass. 188, 196, (1987). The Boston Police Department is a department of the City of Boston, and it is immune from suit for the intentional torts of its officers and employees under the provisions of M.G.L. ch. 258. See Burke v. Town of Walpole, 2003 U.S. Dist. LEXIS 24897 (D.Mass. 2003). Thus, as a matter of law, municipalities cannot be held liable for the intentional torts of

employees, and Plaintiff's Complaint must be dismissed accordingly.

### III. CONCLUSION

For the reasons stated above, Defendant, Boston Police Department, respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

DEFENDANT, BOSTON POLICE DEPARTMENT,

Merita A. Hopkins
Corporation Counsel
By its attorney:

/s/ Kate Cook
Kate Cook    BBO# 650698
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4022

### CERTIFICATE OF SERVICE

I, Kate Cook, hereby certify that on this date I served a copy of the foregoing document upon: Antonio Camp, 28 East Brookline Street, # 63, Boston, MA 02118, via postage prepaid, first class, U.S. Mail.