# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 05-1085

D.C. #04-11890
J. Lindsay

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

Deputy Clerk

Date: NOV 04 2005

ANTONIO M. CAMP,

Plaintiff, Appellant,

v.

BOSTON POLICE DEPARTMENT,

Defendant, Appellee.

Before

Boudin, <u>Chief Judge</u>,
Lynch and Lipez, <u>Circuit Judges</u>.

JUDGMENT

Entered: September 9, 2005

    Appellant-plaintiff Antonio M. Camp appeals from the district court's grant of defendant Boston Police Department's motion to dismiss his civil rights complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Having reviewed the dismissal de novo, we affirm for essentially the reasons relied upon by the district court. The complaint names only the Boston Police Department as a defendant. Regardless whether defendant intended to name the City or its police department as a defendant, a local governing body may be held liable in damages under 42 U.S.C. § 1983 only where the alleged unconstitutional action was taken pursuant to a governmental policy or custom. See <u>Young</u> v. <u>City of Providence ex rel. Napolitano</u>, 404 F.3d 4, 25 (1st Cir. 2005); <u>Malachowski</u> v. <u>City of Keene</u>, 787 F.2d 704, 711 (1st Cir. 1986). Because appellant failed to claim that the alleged

unconstitutional acts implemented or executed any such city or departmental policy, practice or custom, the complaint was properly dismissed. See Malachowski, 787 F.2d at 711.

The district court's dismissal of the complaint is affirmed. See 1st Cir. R. 27(c).

By the Court:

Richard Cushing Donovan, Clerk.

By: __MARGARET CARTER__
Chief Deputy Clerk.

Certified Copies to Hon. Reginald Lindsay & Sarah Thornton, Clerk USDC

cc: Mr. Camp & Ms. Cook